FILED
SUPERIOR COURT
OF GUAM

2025 FEB 19 PH 4: 27

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THOMAS J. FISHER, as Taxpayer and in his Official Capacity as a Senator of the 37th Guam Legislature,<br><br>Plaintiff,<br><br>v.<br><br>IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity, and DOES 1-5,<br><br>Defendants. | CIVIL CASE NO. CV0392-23 |

IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity,

Third-Party Plaintiff,

v.

JON FERNANDEZ, FRANK COOPER-NURSE, in his individual capacity Chief Auditor of GDOE; K. ERIK SWANSON, Ph.D., in his official capacity as the Superintendent of the Guam Department of Education, and the GOVERNMENT OF GUAM,

Third-Party Defendants.

**DECISION AND ORDER**
*Re: Third-Party Defendants Guam Department of Education Superintendent of Education Kenneth Erik Swanson & Chief Auditor Franklin Cooper-Nurse's Motion to Dismiss*

This matter came before the Honorable Arthur R. Barcinas on November 19, 2024, for a hearing on, *inter alia*, Third-Party Defendants Guam Department of Education Superintendent of Education Kenneth Erik Swanson ("Swanson") & Chief Auditor Franklin Cooper-Nurse ("Cooper-Nurse") (collectively, "Defendants") Motion to Dismiss ("Motion") filed on July 12, 2024. The Motion was filed to request dismissal of the Third-Party Complaint filed by Defendant/Third-Party Plaintiff Ignacio C. Santos ("Santos") in his personal capacity and his official capacity as a Government of Guam Federal Programs Administrator. Attorney Matthew E. Wolff appeared on behalf of Defendants, and Santos was present, represented by Attorney Edwin J. Torres.

## BACKGROUND

On July 5, 2023, Plaintiff Thomas J. Fisher ("Fisher"), filed a Complaint against Santos as a taxpayer and in his official capacity as a Senator of the 37th Guam Legislature. In the Complaint, Fisher alleged that Santos, as the Federal Programs Administrator for the Guam Department of Education ("GDOE"), had failed to properly discharge his duties in regard to the management of public monies after overtime payments were issued to GDOE employees.

On May 2, 2024, Santos filed his Verified Answer, as well as a Third-Party Complaint against Third-Party Defendants Jon Fernandez; Kenneth Swanson, in his official capacity as Superintendent of GDOE ("Swanson"); Franklin Cooper-Nurse, in his individual capacity as Chief Auditor of GDOE ("Cooper-Nurse"); and the Government of Guam. In the Third-Party Complaint, Santos alleged that he was not at fault because he only had authority to certify the availability of funds, not authority over the actual expenditure of GDOE funds; Santos alleged instead that expenditure authority lay with Fernandez and Cooper-Nurse, adding that "if any party is responsible for the expenditure of funds, Guam law states that it is the superintendent of GDOE." Third-Party Compl., ¶¶ 19, 23. In the Third-Party Complaint, Santos further alleged

that Swanson and GDOE had declined to request the Office of the Attorney General ("OAG") to represent Santos in his official capacity, in alleged violation of 5 GCA §§ 7111 and 30108; Santos then requested the Court to enter a declaration as to whether Swanson and the Government of Guam must pay his attorneys' fees if he is exonerated.

On July 12, 2024, Attorney Wolff, as counsel for GDOE, filed the instant Motion on behalf of Defendants. In the Motion, Defendants requested dismissal of all Santos's claims against them pursuant to Guam Rules of Civil Procedure ("GRCP") 12(b)(1) for lack of subject matter jurisdiction and GRCP 12(b)(6) for failure to state a claim upon which relief may be granted. On July 19, 2024, Cooper-Nurse's counsel of record, Attorney Geri E. Diaz, filed a joinder to the Motion. In the Motion, Defendants argue under GRCP 12(b)(1) that Santos lacks subject matter jurisdiction due to Santos's standing allegedly being removed by sovereign immunity. Defendants further argue under GRCP 12(b)(6) that Santos fails to state a claim upon which relief may be granted because 5 GCA § 7103 does not waive sovereign immunity so as to authorize Santos's claims for "contribution" and "declaratory relief," which Defendants argue are claims that the statute does not specifically allow.

On August 9, 2024, Santos filed his opposition, arguing that Cooper-Nurse is being sued for contribution under 5 GCA § 7103 in his individual capacity, and therefore sovereign immunity does not apply. Santos also argues that, because he is seeking declaratory relief from Swanson to determine who must pay for his attorney's fees if he is exonerated, sovereign immunity is not implicated, and if it was, 5 GCA § 7111 would operate as an express waiver. Finally, Santos argues that he only needs to provide the Court with sufficient allegations to demonstrate that he has standing to sue for contribution and declaratory relief, not to pursue his own claims under 5 GCA § 7103.

On August 23, 2024, Defendants filed their Reply. They first argue that Santos does not seek to return funds to the Government, but seeks to be indemnified so that he can be made whole, which is allegedly not authorized under 5 GCA § 7103; Defendants argue that the intent of § 7103 is to benefit all of the people of the territory of Guam and not any one person. Defendants further argue that Cooper-Nurse is an improper Third-Party Defendant regardless of whether he is sued in his official or individual capacity. Defendants also argue that declaratory relief is unauthorized because the allegedly remedy-less complaint renders such relief moot, and because the claim for declaratory relief is barred by sovereign immunity. Finally, Defendants assert that Santos and Cooper-Nurse are not similarly situated, and that it is not a violation of Santos's equal protection rights if GDOE legal counsel represents Cooper-Nurse in his individual capacity but not Santos.

The Court took the matter under advisement on November 19, 2024.

## DISCUSSION

### I. Legal Standard

Under Guam law, "[a]t any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action, who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." GRCP 14(a). "The person served with the summons and third-party complaint ... shall make any defenses to the third-party plaintiff's claim as provided in Rule 12.... The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim." *Id.*

Guam law allows that certain defenses to a claim for relief may be made by motion, including: "(1) lack of jurisdiction over the subject matter, ... [and] (6) failure to state a claim upon which relief can be granted." GRCP 12(b).

a. GRCP 12(b)(1) - Subject Matter Jurisdiction

Defendants assert that the Court lacks subject matter jurisdiction over the Third-Party Complaint based on a lack of standing. "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *United Pac. Islanders' Corp. v. Cyfred, Ltd.*, 2017 Guam 6 ¶ 15. "Although we are not bound by the standing requirements applicable to federal courts of limited jurisdiction under Article III of the United States Constitution, we have repeatedly found that the traditional standing requirements expressed in Article III nevertheless apply to claims asserted in Guam's courts." *In re A.B. Won Pat Int'l Airport Auth., Guam*, 2019 Guam 6 ¶ 16 (internal quotations omitted). This constitutional standing is a threshold jurisdictional matter. *Id.* "To establish constitutional standing, a party must show: (1) it has suffered an injury in fact; (2) that the injury can be fairly traced to the challenged action taken by the defendant; and (3) that it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *Id.* ¶ 17. However, even without constitutional standing, the Guam Supreme Court has held that standing may be statutorily conferred by the Legislature. *See Benavente v. Taitano*, 2006 Guam 15 ¶ 20.

"Sovereign immunity is a component of subject matter jurisdiction." *Story-Bernardo v. Gov't of Guam*, 2023 Guam 27 ¶¶ 12-13. "Because sovereign immunity implicates a court's subject matter jurisdiction, it can be raised at any time, either by a party or by the court." *Id.*

"Sovereign immunity means that a sovereign cannot be sued in its own courts without its consent." *Id.* "Suits against government officers may [also] properly be considered suits against the sovereign ... if the judgment sought would expend itself on the public treasure or domain, or interfere with the public administration, or if the effect would be to restrain the Government from acting, or to compel it to act." *Guam Fed'n of Teachers ex rel. Rector v. Perez*, 2005 Guam 25 ¶ 19. However, "[t]hrough the Organic Act of Guam, 'Congress has provided a

specific mechanism by which sovereign immunity may be waived.'" *Bautista v. Agustin*, 2015 Guam 23 ¶ 18. "'The government of Guam ... shall have power to sue by such name, and, with the consent of the legislature evidenced by enacted law, may be sued upon any contract entered into with respect to, or any tort committed incident to, the exercise by the government of Guam of any of its lawful powers.'" *Id.* (quoting 48 U.S.C.A. § 1421a). "Thus, in order for a suit to be maintained against the Government of Guam and any of its instrumentalities or agencies, sovereign immunity must be expressly waived by duly enacted legislation." *Id.* "[A]bsent such legislation, the Government of Guam cannot be sued." *Id.* ¶ 22.

   b. GRCP 12(b)(6) - Failure to State a Claim for Which Relief May Be Granted

In ruling on a motion to dismiss under GRCP 12(b)(6), the Court must accept all the well-pleaded facts as true, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *Cruz v. Cruz*, 2023 Guam 20 ¶ 10. Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

**II.     Whether the Third-Party Complaint is barred by sovereign immunity**

In the Motion, Defendants argues that the Third-Party Complaint should be dismissed under GRCP 12(b)(1) and 12(b)(6) on the grounds of sovereign immunity. Upon review of the pleadings, arguments, and relevant law, the Court **DENIES** the Motion to Dismiss for the reasons below.

Defendants assert that "[f]or a suit to be maintained against the Government of Guam, sovereign immunity must be expressly waived; without this express waiver, the Government of Guam and any of its instrumentalities or agencies cannot be sued." Mot., at 3 (quoting *Story-Bernardo v. Gov't of Guam*, 2023 Guam 27 ¶ 12). Defendants assert that, because sovereign

immunity has allegedly not been waived, Santos has no standing to sue the Government of Guam, and thus has neither subject matter jurisdiction nor a claim for which relief can be sought.

Santos asserts that sovereign immunity is not implicated in this suit because he is not seeking monetary damages, but declaratory relief to determine who is required by statute to pay his attorney's fees if he is exonerated. Opp., at 5. Santos cites to 5 GCA § 7111, which dictates:

> The Attorney General's Office or the legal counsel for the government of Guam entity for whom an individual defendant works may represent individual defendants in any action brought under this Chapter. In the event that individual defendants who are officers, agents, contractors, or employees of the government of Guam have private counsel, and are later exonerated of any wrongdoing, then, and in that event, the government of Guam, or the financially autonomous government of Guam entity for which the officer or employee works, shall reimburse the defendants for their legal fees.

5 GCA § 7111 (emphasis added). Santos asserts that the use of "shall" in the statute renders such reimbursement a right for Santos and a ministerial duty for the government.

It is true that, under the *Ex parte Young* doctrine, a plaintiff may maintain a suit for prospective declaratory relief against a state official in their official capacity, if that suit seeks to correct an ongoing constitutional or statutory violation. *See Cardenas v. Anzai*, 311 F.3d 929, 934-35 (9th Cir. 2002); *Armstrong v. Wilson*, 124 F.3d 1019, 1025-26 (9th Cir. 1997). However, there are limitations to when a plaintiff may do so. The Guam Supreme Court has held that suits against government officials are also considered suits against the sovereign when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect would be to restrain the Government from acting, or to compel it to act." *Guam Fed. of Tchrs.*, 2005 Guam 25 ¶ 19. In this case, 5 GCA § 7111 expressly states that the defending official would be reimbursed "by the government of Guam or the financially autonomous government of Guam entity for which the officer or employee works." Therefore,

while Santos asserts that he only seeks declaratory relief stating who will pay his attorney's fees, 5 GCA § 7111 dictates that the entity paying will either be "the government of Guam, or the financially autonomous government of Guam entity for which [Santos] works." In either scenario, the money paid to reimburse Santos for his defense would be drawn from the public coffers, potentially transforming Santos's suit for declaratory relief against Defendants into a suit against the government of Guam. If it becomes a suit against the government, Santos can no longer seek declaratory relief because "the Government of Guam has sovereign immunity from suit for judgment declaring rights," and where "the Government of Guam ha[s] sovereign immunity that ha[s] not been waived, no other contentions ..., including one for declaratory relief, could be considered." *Story-Bernardo,* 2023 Guam 27 ¶ 35 (citing *Crain v. Gov't of Guam,* 195 F.2d 414, 415 (9th Cir. 1952)).

Santos further argues that Defendants cannot claim sovereign immunity because: (1) sovereign immunity allegedly "does not apply to a declaratory action to force the Government to follow the law"; and (2) the Guam Legislature allegedly waived sovereign immunity through 5 GCA § 7111. Opp., at 7. Santos asserts that a suit seeking to compel the government to comply with statutory or constitutional provisions is effectively an *ultra vires* action that is allegedly not barred by sovereign immunity because it does not attempt to exert control over the state. *Id.* at 9 (citing *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009)). On the second argument, Santos asserts that, even if sovereign immunity did apply to declaratory actions, 5 GCA § 7111 acts as an express waiver because it expressly states that a defendant in a case such as this one may be reimbursed for their legal fees by either the government or a financially autonomous agency. Santos further asserts that, even if the Court were to find that § 7111 does not operate as an express waiver, "sovereign immunity does not prevent the issuance

of a writ to perform a non-discretionary act." Opp., at 10 (quoting *Guam Fed. Of Tchrs. ex rel. Rector v. Perez*, 2005 Guam 25 ¶ 26.

Based on the above, the Court does not find that Santos's suit against Defendants in their official capacity extends to the sovereign. First, any judgment the Court issues on Santos's declaratory relief would not expend itself on the public treasury or domain, as Santos's potential right to reimbursement from the public coffers is dictated by statute, not by any order of the Court. Additionally, the Court does not find that its judgment would interfere with public administration, compel the government to act, or restrict it from acting. By statute, reimbursement may only come from two sources: the government of Guam or a financially autonomous agency. The Department of Education is not a financially autonomous agency, therefore, the only possible source of funds is the government of Guam; the Court is not interfering with public administration, compelling the government to act, or restricting it from acting by stating so.

Thus, the Court finds that, viewed in the light most favorable to Santos as the non-movant, Santos has pled sufficient notice of his claim pursuant to GRCP 12(b)(6). Accordingly, GovGuam's Motion to Dismiss on this matter will be **DENIED** as to Santos's third-party claim for declaratory relief.

Regarding the application of sovereign immunity to Santos's claim for contribution against Cooper-Nurse, Defendants assert that 5 GCA § 7103 does not unequivocally express a waiver of sovereign immunity for third-party complaints for contribution, and that sovereign immunity therefore obstructs Santos from bringing a claim that would defeat dismissal under GRCP 12(b)(1) or 12(b)(6). 5 GCA § 7103 dictates:

> Any taxpayer who is a resident of Guam shall have standing to sue
> the government of Guam and any officer, agent, contractor, or
> employee of the Executive Branch of the government of Guam for

the purpose of enjoining any officer, agent, contractor, or employee of the Executive Branch of the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law, and to obtain a personal judgment in the courts of Guam against such officers, agents, contractors, or employees of the government of Guam and in favor of the Government of Guam for the return to the Government of Guam of any money which has been expended without proper appropriation, without proper authority, illegally, or contrary to law. For purposes of this Chapter, the Governor and Lt. Governor of Guam are officers of the government of Guam, and are included within the scope of this Chapter.

However, the Court does not find that sovereign immunity is implicated in Santos's claim for contribution against Cooper-Nurse. As stated above, suits against government officials are only considered suits against the sovereign when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect would be to restrain the Government from acting, or to compel it to act." *Guam Fed. of Tchrs.*, 2005 Guam 25 ¶ 19. Because Santos seeks reimbursement from Cooper-Nurse's and Fernandez's personal funds in this claim, and not from the public coffers, the Court finds that Santos's claim for contribution against Cooper-Nurse is not expanded to a claim against the sovereign, and thus does not implicate sovereign immunity. The Court thus finds that Defendants' GRCP 12(b)(1) argument for lack of standing and 12(b)(6) argument for failure to state a claim, being predicated upon sovereign immunity, both fail.

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss in regards to Santos's claim for contribution against Cooper-Nurse.

/ / /

/ /

/

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendants' Motion to Dismiss.

**IT IS SO ORDERED** _____FEB 1 9 2025_____.


_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**